**UHL, Guardian, Plaintiff-Appellee, v. ARMSTRONG, Defendant-Appellant. UHL, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23854. Decided January 23, 1957.

Beach & Warner, Ira J. Warner, of Counsel, B. K. Manning, for plaintiff-appellee and defendant-appellee.

I. R. Rosenblatt, for defendant-appellant.

## OPINION

Per CURIAM:

The plaintiff is the owner of an undivided one-half fee simple interest in the property here in question. The only interest of such owner, by reason of such undivided one-half interest in the property, as to the remainder, is that of unity of possession with the owner or owners of the other one-half interest. The defendant is the owner of a life estate derived from the former owner of the other undivided one-half interest in the property. At the death of the defendant, the will of such former owner of the last mentioned one-half interest provides that such undivided one-half interest shall pass in fee simple to the children or

lineal descendants of the defendant per stirpes but if there are no lineal descendants, then upon the death of the defendant, a life estate passes to the plaintiff (incompetent) with remainder over in fee to her lineal descendants. The separate and distinct undivided ownership of a one-half interest in real property, whose only interest in the whole property, other than that which he owns, is unity of possession, is a tenant in common and, under the statute, can maintain an action in partition. The fact that a former co-tenant has willed to such part owner a contingent interest in the other half interest in the property can in no way affect such right of partition.

We also hold that a designated heir can inherit from but not through the designator.

For the above reasons, the motion for rehearing is overruled. Exceptions noted.

KOVACHY, PJ, SKEEL and HURD, JJ, concur.